## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 13 |
| Robert J Waldron, Jr. | : |
|     Debtor | : |
| | : BANKRUPTCY NO.: 17-16763-ELF |

### RESPONSE TO OBJECTION TO CONFIRMATION

    Debtor, by his attorney, Brandon J. Perloff, Esq. by way of Response to Claimants Objection to Confimation, respectfully represents the following:

    1.    Denied.  The Commonwealth of Pennsylvania, Department of Revenue's ("Department") averment is a conclusion of law of which the rules of procedure do not require a response.  However, the Debtor's plan has been filed in good faith and complies with all the provisions of 11 U.S.C §§1321 to 1330.

    2.    Denied.  The Debtor has reported that all required Tax Returns (State, Federal and Local) through 2016, have been filed.  In the alternative, in the event that any tax returns were not filed or incorrectly filed, the Debtor intends to file/amend said returns, if necessary.

    3.    Denied. The Debtor's Amended Plan, filed on 4/23/2018 (Doc #51) ("Plan"), specifically provides for the Department's Priority claim of $38.98 in §3(a) of the Plan.  The Department's secured claim of $9,952.03 is provided for in §4(b). And finally, the Department's Unsecured Non-Priority claim is <u>not</u> specifically listed (in Part 5) as there is no basis for separate classification of this general unsecured debt.  By way of further response, the Proof of Claim, the Department has attached as Exhibit 1 to its Objection is the Claim  filed on 11/1/2018.  This Claim was subsequently Amended and replaced on 1/25/2018.[1]

    4.    Neither Admitted, nor Denied.  The Department's averment contains information which is on record before the Court, which speaks for itself.

        a.    The repayment of the Department's secured claim is based on the information provided in their Proof of Claim filed with the Court.  It provides for payment in full of the amount represented in the Derpartment's Claim.

    5.    Denied.  The Debtor has reported that all required Tax Returns (State, Federal and Local) through 2016, have been filed.  In the event that any tax returns were

---

[1] For purposed of this Response, Debtor's reference to Department's Proof of Claim will be that which was filed on 1/25/2018.

not filed or are incorrect, the Debtor intends to file/amend said returns, if necessary. Additionally, the Debtor has received an extension to file is 2017 Taxes.

        a.– c.   Neither Admitted, nor Denied. The Department's averment contains information which is on record before the Court, which speaks for itself.

        d.   The Debtor does not have the requisite information to attest to the veracity of the Department's claim, and it is therefore denied.

        e.   Movant's averment is a conclusion of law to which no response is required. By way of further response, the Debtor has reported that all required tax returns have been filed through 2016.

        f.   Admitted.

6.   Denied. The Debtor has reported that all required tax returns have been filed through 2016. In the event that any tax returns were not filed or incorrect, the Debtor intends to file/amend said returns, if necessary.

7.   Admitted, in part. It is admitted in part that the Department sent the Letter contained in Exhibit 7. However, 11 U.S.C. § 1308 (a) requires, that "taxable periods ending during the *4-year period* ending on the date of the filing of the petition" (emphasis added) be filed by the Debtor. The Department has no standing to Object based on the filing of returns preceeding this period.
Furthermore, the Debtor proposes to this Court that the Department's failure to request the returns (for 1991-1993) until nearly six months after the Debtor's petition has been filed, and three weeks prior to the Debtor's Confirmation hearing (5/22/2018), shall be considered a waiver of any right of the Department to obtain said returns at this time. This "last-minute" request may unnecessarily cause the Confirmation of the Plan to be delayed.

8.   Denied. 11 U.S.C. § 1308 (a) requires, that "taxable periods ending during the *4-year period* ending on the date of the filing of the petition" (emphasis added) be filed by the Debtor. The returns referenced in the Department's Objection (1991-1993) are from 25 years ago.

9.   Admitted in part. It is admitted that the Plan provides for the amount of unsecured priority debt listed in the Department's Proof of Claim. All other facts contained in the Department's averment are denied.

10.   Denied. The Department's averment is a conclusion of law to which no response is required. By way of further response, the Plan was filed in good faith and complies with all relevant provisions of the Bankruptcy Code.

      11.     The Plan provides for full payment to the Department's Priority and Secured Claims and a pro rata distribution to the Department's general unsecured claim, which is appropriate.

      12.     Denied.

      WHEREFORE, Debtor prays that the Department's Objection be overruled.


Date: May 12, 2018                                    /s/ Brandon J. Perloff
                                                                  Brandon J. Perloff Esquire.
                                                                   Attorney for Debtor